Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:    (619) 297-1022

Attorneys for Amon Gordon

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Amon Gordon<br><br>                    Plaintiff,<br><br>v.<br><br>GMAC, a/k/a GMAC Financial Services;<br>Portfolio Recovery Associates, Inc.; and<br>IGS Nevada,<br><br>                    Defendants. | **Case Number: 10-cv-01270-L-CAB**<br><br>**Memorandum Of Points And Authorities In Opposition To Defendant's Motion To Dismiss For Lack Of Personal Jurisdiction Under Fed. R. Civ. P. 12(b)(2)**<br><br>**Date: 11/29/10**<br>**Time: 10:30 AM**<br><br>**Judge: Hon. M. James Lorenz**<br><br>**U.S. District Courthouse**<br>**880 Front Street**<br>**San Diego, CA 92101** |

HYDE & SWIGART
San Diego, California

## I. BACKGROUND

Amon Gordon is a professional football player who was employed by the New England Patriots at the time the conduct alleged in his complaint took place, and is currently playing for the Tennessee Titans. He was alleged to owe a debt, and this allegation led to Defendants illegally contacting his sports agent and the head coach of the Patriots, Bill Belichick, all in an effort to embarrass, abuse, and harass Mr. Gordon, and coerce payment. Mr. Gordon was subsequently released from the Patriots due, at least in part, to this conduct by the defendants. On June 14, 2010, Mr. Gordon filed a complaint alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and California's Rosenthal Act, California Civil Code §§ 1788-1788.32.

On August 5, 2010, Defendant Portfolio Recovery Associates, Inc. ("PRA") filed a motion to strike portions of the Complaint pursuant to Fed. R. Civ. P. 12(f). Later that same day, PRA filed a second Rule 12 motion, this time to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). The next day, the Court rejected both of these motions for non-compliance with the local rules. PRA then re-filed *the same two separate motions*. In response, rather than argue the point, and in an effort to try and save some pre-settlement discussion funds at this early stage, Mr. Gordon filed an amended complaint on August 30, 2010 which addressed PRA's objections. Subsequently, on September 8, 2010, the Court denied PRA's Rule 12 motions as moot because Mr. Gordon had amended his complaint.

All should have then been resolved as PRA did not again attempt to re-file its previous motions, apparently now satisfied with the complaint. However, PRA now raises a *new and different claim* in another pre-answer motion, again under Fed. R. Civ. P. 12, this time claiming that there is a lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2). This filing is waived and must, therefore, be denied.

HYDE & SWIGART
San Diego, California

## II.   EVIDENTIARY OBJECTIONS

To support its motion under Fed. R. Civ. P. 12(b)(2), PRA attaches, and relies exclusively on, the "Declaration of Kent McCammon." (Decl. McCammon).

Fed. R. Evid. 602 provides that a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. *Latman v. Burdette*, 366 F.3d 774, 786-787 (9th Cir. Wash. 2004) (A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.) See also, *Bliesner v. Commun. Workers of Am.*, 464 F.3d 910, 915 (9th Cir. Idaho 2006) (An affidavit must be made on personal knowledge and demonstrate that the affiant is competent to testify to the matters stated therein.)

Here the defendants introduce no evidence whatsoever supporting a finding that Mr. McCammon has any personal knowledge as to the issues he avers.  In fact, the statements made by Mr. McCammon demonstrate the opposite.   In paragraph 2 of his sworn declaration, Mr. McCammon admits that he is relying on "information and belief."  Affidavits submitted which are made upon "information and belief" do not meet the federal evidentiary requirements because such evidence would be inadmissible at trial under Fed. R. Evid. 602. *Norita v. Commonwealth of the N. Mariana Islands*, 331 F.3d 690 (9th Cir. N. Mar. I. 2003).

Further, Mr. McCammon appears to be testifying falsely.  Mr. McCammon, the President of Revenue Enhancement and Business Development of Defendant Portfolio Recovery Associates, Inc., says PRA is not a debt collector.   *Decl. McCammon ¶ ¶ 1 and 4*.  This is clearly untrue, as PRA admits to being a debt collector on its web site,[1] which Plaintiff requests the Court take judicial notice of pursuant to Fed. R. Evid. 201(b).[2]    In paragraph 4 of his declaration Mr. McCammon states that "PRA does not itself buy, sell, or collect debts, or transact any other business relative to debt collection, asset location, or collateral recovery."  However, at PRA's web site, in bold 18 point type, at the top of every page, against a bright blue background, PRA states its

---

[1] http://www.portfoliorecovery.com

[2]  A court may take judicial notice of web sites pursuant to Fed. R. Evid. 201(b).  See *Pollstar v. Gigmania Ltd.*, 170 F. Supp. 2d 974 (E.D. Cal. 2000).

HYDE & SWIGART
San Diego, California

slogan, as follows:

**PORTFOLIO RECOVERY ASSOCIATES, INC.**

**WE'RE GIVING DEBT COLLECTION A GOOD NAME.**

*See Plaintiff's Exhibit A, all pages.*

This far is from the only place PRA's web site talks about what efficient debt collectors they are.  And while an exhaustive review here would go on for pages, some of the highlights are as follows:  At *Plaintiff's Exhibit A, Bates #000002* - "Portfolio Recovery Associates' (PRA) primary business is the purchase and liquidation of distressed consumer debt.  We utilize a multi-faceted collection approach designed to collect over several years. We combine our experience with collecting consumer debt with top-notch pricing analytics, bidding discipline, and operational excellence to create maximum value for our clients."

At *Plaintiff's Exhibit A, Bates #000003* -"We refer to the purchase of non-bankrupt, charged-off consumer accounts as our core debt business. Since 1996, we have purchased over $37 billion in face value for an investment of over $1 billion. Once accounts are purchased, we sort them and attempt collection using a variety of techniques including: third party agencies, our in-house collection attorneys, and a network of third party collection lawyers. We optimize our collections by primarily relying on our own call centers."

*Plaintiff's Exhibit A, Bates #000020* -"If you've received a Portfolio Recovery Associates (PRA) collection letter or collection call, you may wonder what to expect and what to do next. … Portfolio Recovery Associates is a debt collection company that makes money by helping its customers resolve their debts."

PRA's web site also contains at least 31 pages where states, in bold face type, "**This is a communication from a debt collector**."

Mr. McCammon either does not know what he is talking about, or is making false statements based on information and belief, and passing them off as being true, and not what he knows from his personal knowledge.  Either way, his declaration is inadmissible and must be struck.

**HYDE & SWIGART**
San Diego, California

### III. RELEVANT LEGAL STANDARDS

Fed. R. Civ. P. 12(g)(2) provides that, "Except as otherwise provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted it from its earlier motion."

Fed. R. Civ. P. 12(h)(1)(a) provides that "a party waives any defense listed in Rule 12 (b)(2) to (5) by omitting it from a motion in the circumstances described in Rule 12 (g)(2)."

### IV. ARGUMENT

#### A. PERSONAL JURISDICTION IS PROPER BECAUSE PRA HAS ALREADY WAIVED THIS DEFENSE TWICE.

The Court need not entertain PRA's filed Motion to Dismiss for lack of personal jurisdiction because PRA has waived this defense by failing to assert any such claim in its two previously filed Motions to Dismiss. This rule is to both promote judicial efficacy and prevent defendants such as PRA from taking a second bite at the apple, or in this case, a third.

To permit Rule 12 defenses to be raised by motion after denial of motion to dismiss under Rule 12(b)(6) to dismiss for failure to state claim would undermine very purpose of Rule 12(g) which is avoidance of time-consuming, piecemeal litigation of pre-trial motions. *Tiernan v. Dunn*, 295 F. Supp. 1253, 1256 (D.R.I. 1969); see also, *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) (The Rule 12 consolidation requirement seeks "to eliminate unnecessary delays at the pleading stage of a case by avoiding the piecemeal consideration of pretrial motions.") Under Rule 12, a party who has made motion for dismissal on ground that his adversary has failed to state claim upon which relief can be granted may not thereafter file motion for dismissal on ground of improper venue. *Reconstruction Finance Corp. v. Merryfield*, 134 F.2d 988 (1st Cir. N.H. 1943). That is what has happened here.

On August 5, 2010 and again on August 9, 2010, PRA filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). While the first set of Rule 12 motions was dismissed for discrepancy and noncompliance with local court rules, PRA still omitted its current Rule 12(b)(2) claims when it filed its second set.

HYDE & SWIGART
San Diego, California

Fed. R. Civ. P. 12(g)(2) requires that all pre-answer motions that are available, must be consolidated. Lack of personal jurisdiction is a defense that PRA would have the most knowledge of at the time the Complaint is filed, and it had to be filed at the same time. *Id.*

When Mr. Gordon filed his amended complaint, no discovery had been conducted, nor were any facts alleged to have changed with regard to personal jurisdiction. The defense of lack of personal jurisdiction under Rule 12(b)(2) was available to PRA at the time it filed both of its Rule 12(b)(6) motions, yet it chose to omit any claim as to lack of personal jurisdiction. As a result, PRA waived its right claim lack of personal jurisdiction because the plain language of Rule 12(h)(1)(a) explicitly mandates that a party waives "*any defense listed in Rule 12(b)(2) to (5)*" if these claims were available at the time the defendant asserted its pre-answer motion, but then chooses to omit the claim.

**B. MR. GORDON'S FIRST AMENDED COMPLAINT DOES NOT REVIVE OMITTED DEFENSES THAT SHOULD HAVE BEEN ASSERTED IN A PRIOR MOTION TO DISMISS.**

"Once a defense is waived pursuant to the Federal Rules of Civil Procedure, Rule 12(g) prevents the defense from being revitalized even though the plaintiff amends the complaint and provides the defendant with an opportunity to file a new motion under Rule 12 or an answer setting forth a defense which Rule 12 would permit to be presented by motion." *61A Am. Jur. 2d Pleading §401*. While "the Ninth Circuit has not had occasion to apply this principal directly, the weight of authority outside this circuit holds that where the complaint is amended after the defendant has filed a Rule 12(b) motion, the defendant may not thereafter file a second Rule 12(b) motion asserting objections or defenses that could have been asserted in the first motion." See *Fed. Agric. Mortg. Corp. v. It's a Jungle Out There, Inc.*, 2005 U.S. Dist. LEXIS 40456 (N.D. Cal. Dec. 7, 2005).

If an amendment to complaint contains a new matter which, had it originally been in the complaint would have allowed the defendant to object by motion, defendant's right to object by motion to the complaint as amended cannot have been waived by any prior motion. But in a case where the amendment merely corrects insufficient allegations, this does not revive defendant's right to challenge sufficiency of complaint and likewise does not revive the right to object under

HYDE & SWIGART
San Diego, California

1   other Rule 12 grounds when such objection was available at the beginning of case and should have

2   been raised then. *Keefe v. Derounian*, 6 F.R.D. 11 (D. Ill. 1946)

3       That is exactly what occurred here. Mr. Gordon filed his Complaint and PRA filed a Rule

4   12(b)(6) Motion, which was subsequently struck down for non-compliance with local court rules.

5   PRA then re-filed a corrected Rule 12(b)(6) Motion. This was their second opportunity. In

6   response to the Rule 12(b)(6) Motion, Mr. Gordon amended his Complaint. Now PRA makes an

7   argument claiming lack of personal jurisdiction. However, this argument was waived when PRA

8   failed to assert the claim with its first, or arguably, second Rule 12(b)(6) Motion.

9       Other courts that have taken this position as well, and they have consistently held that that if

10  the amended complaint raises a new matter, the defendant may bring a second motion under Rule

11  12 to object to *the new allegations only.* See *Rowley v. McMillan*, 502 F. 2d 1326, 1333 (4th Cir.

12  1974), *Wafra Leasing Corp. 1999-A-1 v. Prime Capital Corp.,* 247 F.Supp.2d 987, 999 (N.D. Ill.

13  2002).

14      Mr. Gordon did not raise any new matters in the First Amended Complaint, he only

15  augmented his factual allegations as to the merits, and this only as requested by PRA. That is, Mr.

16  Gordon simply added more specificity to the claims to survive PRA's Rule 12(b)(6) Motion. As

17  indicated by PRA's first failed attempt to file a Rule 12(b)(6) Motion, Mr. Gordon anticipated that

18  PRA would re-file this motion, thus changes to the Complaint were specific to PRA's original 12(b)

19  (6) Motion. No facts regarding personal jurisdiction were modified, added, or removed.

20      Any facts giving rise to an issue of personal jurisdiction were available to the PRA before the

21  plaintiff amended the Complain. Thus, the Rule 12(b)(2) Motion was available to PRA at the time

22  they filed both the first 12(b)(6) Motion, and the subsequent second 12(b)(6) Motion. PRA

23  enjoyed ample notice of facts relating to personal jurisdiction from the first day the Complaint was

24  filed. Because PRA is the parent company of its wholly owned subsidiary, PRA is in the best

25  position to know whether or not personal jurisdiction is proper at the outset of litigation but they

26  failed to raise it in a timely manner. Therefore, PRA's Rule 12(b)(2) Motion is untimely because it

27  should have been combined with their prior Rule 12(b)(6) Motion under Rules 12(g)(2) and 12(h)

28  (1). PRA's Motion must be denied.

**HYDE & SWIGART**
San Diego, California

**C.   DEFENDANT PRA AND IGS NEVADA ARE ONE IN THE SAME.**

As demonstrated above, the declaration of Mr. McCammon is inadmissible and not credible. As yet another example, in paragraph 6 of his declaration Mr. McGammon states, "PRA does not hold itself out has as doing business under the IGS name in connection with debt collection, asset location, or collateral recovery services." PRA is trying to claim it is not a debt collector. This is untrue.   IGS Nevada is a wholly owned subsidiary of PRA, and PRA and its wholly owned subsidiaries are so intertwined their Internet sites are permutations of each other.   See Plaintiff's Exhibit B, Bates #000001, IGS web site at http://www.igsnevada.com which, again, Plaintiff requests the Court take judicial notice of pursuant to Fed. R. Evid. 201(b).   As PRA states in its web site, "Unless otherwise specified herein, references to Portfolio Recovery Associates or the Company may refer to Portfolio Recovery Associates, Inc., or any of its wholly owned subsidiaries." *Plaintiff's Exhibit A, Bates #000001.* Even PRA and IGS do not make a distinction between the two of them - unless it is convenient for litigation purposes, as here.   At IGS's web site, http://www.igsnevada.com/, IGS also has a "link" to PRA's web site with PRA's logo and, again, the slogan "We're giving debt collection a good name." *See Plaintiff's Exhibit B, all pages, left side of the screen under "Visit Our Affiliates."* On the bottom of every page of IGS's web site, however, IGS states "Copyright © 2008 Portfolio Recovery Associates, Inc. All rights reserved. Portfolio Recovery Associates, Inc., 120 Corporate Boulevard, Norfolk, Virginia 23502, USA. (757) 519-9300."

Mr. McCammon also states that "PRA and IGS maintain separate offices, employees, and physical locations." Decl. McCammon, ¶ 8.  However, the web site for IGS states that if someone wants to contact IGS, the can do so by contacting "Portfolio Recovery Associates, Inc., 120 Corporate Boulevard, Norfolk, Virginia 23502." *See Plaintiff's Exhibit B.* The address for IGS and PRA appear to be the same.

Mr. McCammon claims that "PRA does not have employees or conduct any operations in the State of California, has neither owned nor leased property in the State of California, and is not registered to do business in the State of California." Decl. McCammon, ¶ 7.  However, according to PRA's Corporate Report, Plaintiff's Exhibit D, "At year-end 2009 we employed 2,213 people on

HYDE & SWIGART
San Diego, California

full-time basis in nine office locations from Virginia to California." *Id., Bates #000002*.  As for the claim that they have "neither owned nor leased property in the State of California," this too is untrue.  *See, for example, PRA's Corporate Report, Plaintiff's Exhibit D, Bates #000042* ("For our MuniServices business we lease approximately 26,000 square feet of office space in several offices around the country the majority of which are located in Fresno California.   These offices can accommodate approximately 140 employees.")

Further, PRA's Corporate Report, in a section entitled "Ability to Hire Develop and Retain Productive Collectors," states that,

> We place considerable focus on our ability to hire develop motivate and retain effective collectors who are key to our continued growth and profitability.   Several large military bases and numerous telemarketing customer service and reservation phone centers are located near our headquarters and regional offices in Virginia providing access to large pool of eligible personnel.  The Hutchinson Kansas, Las Vegas Nevada, Birmingham Alabama, Jackson Tennessee, Houston Texas, and **Fresno California** areas also provide sufficient potential workforce of eligible personnel.

(Emphasis added).  *Id., Bates #000022*.  Two pages later, *Id., Bates #000024*, the Corporate Report touts how PRA has **2,240 accounts in California**, which is the second largest number of accounts PRA collects, by state (Texas is #1).

Defendant PRA has also availed itself of the judicial protections the State of California. They have sued at least thirteen consumers in California courts.  See Plaintiff's Exhibit E.

In summary, Defendant PRA collects enough debts from California residents that it makes up at least 10% of PRA's business[3] and sues those residents in California courts.[4]  PRA leases property in California,[5] it hires California residents to work in California,[6] it has three offices in California,[7] but still, Mr. McCammon claims PRA does not do business in California.

When a district court acts on a defendant's motion to dismiss under Rule 12(b)(2) without

---

[3] Plaintiff's Exhibit D, Bates #000024.

[4] Above.

[5] Plaintiff's Exhibit D, Bates #000042.

[6] Plaintiff's Exhibit D, Bates #000022.

[7] Plaintiff's Exhibit C, Bates #000005 - 000006.

HYDE & SWIGART
San Diego, California

holding an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. The plaintiff need only demonstrate facts that if true would support (personal) jurisdiction over the defendant. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). The uncontroverted allegations in the complaint are accepted as true, and the factual disputes are resolved in the pleader's favor. Thus, the burden on the plaintiff is considered "relatively slight." A "Plaintiff must demonstrate that personal jurisdiction over a defendant is (1) permitted under the applicable state's long arm statute and (2) that the exercise of jurisdiction does not violate federal due process." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 2009 U.S. Dist. LEXIS 14183 (D. Nev. 2009) siting *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). California's long arm statute conforms to the maximum extent possible under due process. *Hope v. Otis Elevator Co.*, 389 F.Supp.2d 1235, 1238-1239 (E.D. Cal. 2005), Cal.Civ.Proc.Code § 410.10.

These instances of PRA's activities are what Plaintiff is aware of at this time. Once discovery has taken place, there will, no doubt, be a mountain of evidence to establish that PRA is a company that has offices and employees in California collecting from California residents.

**D.  REQUEST FOR LEAVE TO AMEND**

If the Court finds that PRA's Motion is not waived by omitting the claim from the prior pre-answer motion attempts, Mr. Gordon requests leave to amend the Complaint to further show that personal jurisdiction over PRA is appropriate. Mr. Gordon also requests an evidentiary hearing with pre-trial discovery to establish that personal jurisdiction is proper.

**V.   CONCLUSION**

PRA missed two opportunities to plead lack of personal jurisdiction with its first pre-answer motions.  As to its current, and third, motion, PRA's motion pursuant to Fed. R. Civ. P. 12(b)(2), is waived.   As a result, this argument is waived. Further, the motion relies on a declaration that is defective and inadmissible.  Finally, PRA's activities in the past, along with its Corporate Report, demonstrates that PRA does business in California.

For the foregoing reasons, the Court should deny PRA's Motion to Dismiss.

**Hyde & Swigart**

Date: October 29, 2010                              By:/s/ Robert L. Hyde
                                                   Robert L. Hyde
                                                   Attorneys for Plaintiff